# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**CONNIE NORRIS**
Pro Se Rate Case Intervenor
Magnolia / Central States Water Ratepayer
St. Tammany Parish – Belair Subdivision Resident
Email: Brass_cn@yahoo.com
1022 Sun Valley Lane
Slidell, Louisiana 70460
**Plaintiff,**

26-163
SECT. I MAG.5

v.

**MAGNOLIA WATER Utilities Operating Company, LLC; Magnolia Water Services Group, LLC; Magnolia Water Holding Company, LLC; Louisiana Central States Water, LLC; CENTRAL STATES WATER RESOURCES, INC.; Josiah Cox, Founder/CEO, Central States Water, Inc.; LOUISIANA PUBLIC SERVICE COMMISSION; LOUISIANA DEPARTMENT OF HEALTH; OFFICE OF PUBLIC HEALTH, Defendants.**

Civil Action No.: _________

---

# COMPLAINT

(Formatted for Federal Court Filing)

Plaintiff, Connie Norris, pro se, respectfully submits this Complaint against Defendants as follows:

Plaintiff brings this action and states as follows:

---

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Safe Drinking Water Act and the United States Constitution.
2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state law claims.
3. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this action occurred within the Eastern District of Louisiana.

---

# II. PARTIES

4. Plaintiff is a resident of St. Tammany Parish, a Magnolia/CSWR ratepayer, a Belair Subdivision resident, and a recognized pro se intervenor in LPSC Docket Nos. U-37570, U-37584, and S-37762.
5. Defendants Magnolia Water/Central States Water Resources operate the Belair and Meadows water systems serving Plaintiff.
6. Defendant Louisiana Public Service Commission regulates Magnolia/CSWR's rates and acquisitions.
7. Defendant Louisiana Department of Health and its Office of Public Health are responsible for enforcing public health and drinking water safety laws.

---

# III. STATEMENT OF FACTS

## A. Background and Standing

8. Plaintiff purchased Plaintiff's home in August 2020 and has been a Magnolia/CSWR ratepayer for approximately five years.
9. Prior to 2020, Plaintiff had no major or chronic health issues.
10. After becoming a Magnolia/CSWR customer, Plaintiff developed severe medical conditions consistent with exposure to contaminated water.
11. Plaintiff is a recognized intervenor in multiple LPSC proceedings involving Magnolia/CSWR.

## B. Property Damage and Financial Losses

12. Plaintiff incurred approximately $10,000 in property damage due to unsafe water.
13. Plaintiff's monthly bill increased 400% in 2021, from $26 to $132.
14. The LPSC approved additional rate increases despite unresolved violations.
15. The LPSC approved these increases without a complete financial record from Magnolia/CSWR.

## C. Medical Harm

16. Plaintiff incurred more than $200,000 in medical expenses related to exposure.
17. Plaintiff continues to experience ongoing health impacts.

## D. Early Warnings and Public Appeals

18. Before the Cross Winds subdivision was approved, residents—including Plaintiff—warned the St. Tammany Parish Council, DEQ, and Magnolia representatives about existing water system failures.
19. Despite these warnings, Cross Winds was approved.
20. Residents repeatedly appealed to the Parish Council and LPSC regarding poor water quality, rising costs, and Magnolia/CSWR's rapid expansion.
21. The Parish Council passed a resolution urging the LPSC to halt further acquisitions until existing issues were corrected.
22. The LPSC ignored the resolution and continued approving Magnolia/CSWR expansions.

## E. LDH Water Quality Results and Regulatory Failures

23. LDH testing showed elevated contaminants including TTHM at 88 μg/L and chloroform at 10.2 μg/L.
24. LDH assigned Magnolia/CSWR a Grade A rating despite unresolved violations.
25. OPH failed to conduct required Title 51 sanitary surveys.
26. These failures were particularly evident in the Belair and Meadows systems serving Plaintiff.

## F. Unsafe System Switching and Resulting Harm

27. Magnolia shut down the Belair well, abandoned it, and switched residents to the Meadows system.
28. Meadows failed due to overloading and poor maintenance.
29. Magnolia reconnected more than 4,000 residents to the abandoned Belair system, which lacked required sanitary surveys.
30. Residents experienced brown water, bacterial contamination, and low pressure for more than a year.

## G. Federal and State Violations

31. Magnolia/CSWR violated the Safe Drinking Water Act by delivering contaminated water and failing to notify the public.
32. Magnolia/CSWR violated Louisiana Title 51 by operating systems without required sanitary surveys.
33. Magnolia/CSWR also violated Louisiana Revised Statute 40:4(A)(8)(a), which requires LDH to ensure that public water systems are operated, maintained, and monitored in a manner that protects public health and prevents the distribution of unsafe water. Magnolia/CSWR failed to maintain safe operating conditions, failed to prevent

contamination, and failed to correct known hazards in the Belair and Meadows systems. LDH and OPH failed to enforce these statutory duties.

34. LDH, OPH, and LPSC failed to enforce federal and state protections.

### H. Procedural Due Process Violations

35. Plaintiff was denied a meaningful opportunity to participate in LPSC proceedings.
36. Evidence Plaintiff submitted was not entered into the record.
37. The ALJ refused to allow Plaintiff to speak, correct the record, or address missing discovery.
38. The docket was closed immediately after Plaintiff submitted supplemental evidence.

---

# COUNTS

## COUNT I – Violation of the Safe Drinking Water Act

39. Plaintiff realleges and incorporates all preceding paragraphs.
40. Defendants violated the Safe Drinking Water Act by delivering contaminated water, failing to notify the public, and failing to comply with federal water safety standards.
41. Defendants' actions and omissions caused harm to Plaintiff's health, property, and financial interests.
42. Plaintiff seeks all remedies available under the Safe Drinking Water Act, including injunctive relief, damages, and attorney's fees.

## COUNT II – Violation of Louisiana Title 51 Public Health Sanitary Code

43. Plaintiff realleges and incorporates all preceding paragraphs.
44. Defendants violated Louisiana Title 51 by operating water systems without required sanitary surveys and failing to maintain safe water quality.
45. Defendants' violations caused harm to Plaintiff and other ratepayers.
46. Plaintiff seeks declaratory and injunctive relief, damages, and any other relief the Court deems appropriate.

## COUNT III – Arbitrary and Capricious Agency Action

47. Plaintiff realleges and incorporates all preceding paragraphs.
48. The Louisiana Public Service Commission acted arbitrarily and capriciously by approving rate increases without a complete financial record and ignoring public health concerns.
49. These actions violated Plaintiff's procedural and substantive rights.

50. Plaintiff seeks relief including reversal of rate increases and injunctive orders.

## COUNT IV – Violation of Procedural Due Process

51. Plaintiff realleges and incorporates all preceding paragraphs.
52. Plaintiff was denied meaningful participation in regulatory proceedings, including exclusion of evidence and closure of the docket without proper notice.
53. These procedural violations caused prejudice and harm to Plaintiff.
54. Plaintiff seeks declaratory and injunctive relief and any other remedies available.

## COUNT V – Negligence and Gross Negligence

55. Plaintiff realleges and incorporates all preceding paragraphs.
56. Defendants owed a duty of care to Plaintiff and other ratepayers to provide safe and reliable water service.
57. Defendants breached that duty by failing to maintain safe water systems and ignoring known hazards.
58. These breaches caused Plaintiff's injuries and damages.
59. Plaintiff seeks compensatory and punitive damages.

## COUNT VI – Failure to Protect Public Health and Safety

60. Plaintiff realleges and incorporates all preceding paragraphs.
61. Defendants failed to protect public health by allowing unsafe water conditions to persist and failing to enforce regulatory standards.
62. These failures caused harm to Plaintiff and the public.
63. Plaintiff seeks injunctive relief and damages.

## COUNT VII – Unjust Enrichment

64. Plaintiff realleges and incorporates all preceding paragraphs.
65. Defendants received financial benefits from unsafe water service and rate increases without providing lawful or safe service.
66. Defendants' unjust enrichment should be disgorged and returned to Plaintiff and other ratepayers.
67. Plaintiff seeks restitution and disgorgement.

## COUNT VIII – Violation of Louisiana R.S. 40:4(A)(8)(a)

68. Plaintiff realleges and incorporates all preceding paragraphs.
69. Louisiana R.S. 40:4(A)(8)(a) requires LDH to ensure that public water systems are operated, maintained, and monitored in a manner that protects public health and prevents the distribution of unsafe water.

70. Magnolia/CSWR operated unsafe systems, failed to prevent contamination, and reconnected residents to an abandoned and unsurveyed well system.
71. LDH and OPH failed to enforce their statutory duties under Title 40.
72. These failures directly harmed Plaintiff.
73. Plaintiff seeks declaratory and injunctive relief and any other relief the Court deems proper.

---

# V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and grant the following relief:

1. **Declaratory Relief**, declaring that:
   a. Magnolia Water/Central States Water Resources violated the Safe Drinking Water Act;
   b. Magnolia/CSWR violated Louisiana Title 51 and Louisiana R.S. 40:4(A)(8)(a);
   c. The Louisiana Public Service Commission acted arbitrarily and capriciously in approving rate increases without a complete financial record;
   d. The Louisiana Department of Health and Office of Public Health failed to enforce mandatory public health protections;
   e. Plaintiff's procedural due process rights were violated.
2. **Injunctive Relief**, ordering:
   a. An immediate halt on all new rate hikes for Magnolia/CSWR customers;
   b. A partial reversal of current rate hikes, restoring rates to a lawful and reasonable level;
   c. Magnolia/CSWR to comply with all Safe Drinking Water Act requirements;
   d. Magnolia/CSWR to conduct all required Title 51 sanitary surveys;
   e. LDH, OPH, and LPSC officials to enforce all applicable federal and state laws;
   f. A temporary halt on Magnolia/CSWR acquisitions until existing systems are brought into compliance and verified safe.
3. **Refunds and Billing Corrections**, including:
   a. A refund, adjustment, or reversal of water bills from 2020 to the present for all customers and ratepayers affected by unsafe or non-potable water;
   b. Credits or restitution for charges paid during periods of contamination, service failure, or regulatory non-compliance.
4. **Compensatory Damages**, including but not limited to:
   a. Medical expenses exceeding $200,000;
   b. Property damage exceeding $10,000;
   c. Financial losses resulting from a 400% rate increase and subsequent increases;
   d. Loss of use and enjoyment of Plaintiff's home;
   e. Emotional distress and physical suffering.
5. **Punitive and Exemplary Damages** in an amount not less than $1,000,000,000 (One Billion Dollars) due to the ongoing, knowing, reckless, and harmful conduct of Magnolia/CSWR and the regulatory failures that allowed the harm to continue.

6. **Restitution and Disgorgement** of all unjust financial gains Magnolia/CSWR obtained through unsafe, unreliable, or noncompliant water service.
7. **Costs and Fees**, including allowable court costs and any other relief the Court deems just and proper.

---

# VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

**Respectfully submitted,**

Connie Norris

**Connie Norris**
Pro Se Rate Case Intervenor
Magnolia / Central States Water Ratepayer
St. Tammany Parish – Belair Subdivision Resident
Email: Brass_cn@yahoo.com
1022 Sun Valley Lane
Slidell, Louisiana 70460
504-237-6498